## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

MICHELLE RUCKER                                                        PLAINTIFF

v.                              Case No. 5:12-cv-00088-KGB

JIMMY BANKS, *et al.*                                                  DEFENDANTS

## OPINION AND ORDER

Before the Court is defendants' motion to dismiss plaintiff's amended complaint (Dkt. No. 12).  Plaintiff Michelle Rucker has responded (Dkt. No. 14).  On February 12, 2013, defendants' filed a supplemental motion to dismiss for failure to state a claim, withdrawing the exhaustion argument (Dkt. No. 18).  For the reasons explained below, defendants' motion is granted in part and denied in part.

### I.        Procedural Background

On October 5, 2012, the Court entered an Opinion and Order granting Ms. Rucker's request for leave to amend her complaint and denied without prejudice defendants' motion to dismiss as moot (Dkt. No. 10).  On October 15, 2012, Ms. Rucker filed her amended complaint (Dkt. No. 11).  The amended complaint alleges claims for race and gender discrimination against Warden Jimmy Banks in his individual and official capacity and the Arkansas Department of Corrections ("ADC") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the Equal Protection Clause and Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution (Dkt. No. 11, ¶¶ 1, 25-27).  Defendants have moved to dismiss the amended complaint under Federal Rule of Civil Procedure (12)(b)(6) for failure to state a claim upon which relief may be granted.

## II.        Factual Background

Ms. Rucker is an African American woman who worked for the ADC until January 2012. In her amended complaint, Ms. Rucker alleges that she was terminated under circumstances similarly situated white males were not and that defendants created a false reason to support her termination.   Ms. Rucker specifically alleges that she did not admit to giving a subordinate an illegal order.   According to the amended complaint, Ms. Rucker has received a settlement from the ADC based on the ADC's history of discriminating against females.   Ms. Rucker filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") citing gender and race discrimination, and she has received a right to sue letter.[1]

Defendants claim their motion to dismiss should be granted because (1) the amended complaint does not state sufficient facts as required by Federal Rule of Civil Procedure 8(a)(2) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); (2) Ms. Rucker's claims under Title VII against Mr. Banks as a supervisor and individual should be dismissed for failure to state a claim; (3) Ms. Rucker's stand-alone § 1981 claim alleging race discrimination should be dismissed because § 1983 is the exclusive federal damages remedy for the alleged violation of rights guaranteed by § 1981 and her stand-alone § 1981 claim alleging sex discrimination should be dismissed because the statute does not cover such claims; (4) Ms. Rucker's § 1981 claim against the ADC should be dismissed based on Eleventh Amendment immunity; (5) Ms. Rucker's § 1983 claim against the ADC should be dismissed based on Eleventh Amendment immunity and because the ADC is not a "person" capable of being sued under § 1983; and (6) Ms. Rucker's § 1983 claims against Mr.

---

[1]   At the time defendants filed their motion to dismiss, Ms. Rucker had not obtained a right to sue letter from the EEOC.  Defendants have since learned that Ms. Rucker did receive a right to sue letter (Dkt. No. 14, ¶ 8).  Therefore, defendants' motion to dismiss Ms. Rucker's amended complaint for failure to obtain an EEOC right to sue letter is denied as moot.

Banks should be dismissed based on qualified immunity.  The Court will examine each of these arguments.

### III.     Standard

Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2).  Specific facts are not required; the complaint simply must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 581 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  However, the complaint must include enough factual information to "provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level."  *Twombly*, at 555-56; *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).  When ruling on a defendant's motion to dismiss, "a judge must accept as true all of the factual allegations contained in the complaint."  *Erickson*, 581 U.S. at 94; *see also Twombly*, 550 U.S. at 555-56.

### IV.     Analysis

#### A.     Sufficiency of the Complaint

The Court has reviewed the allegations in Ms. Rucker's amended complaint (Dkt. No. 11) and finds that Ms. Rucker has stated sufficient facts to put defendants on notice of the claims made against them.  Defendants' motion to dismiss based on Rule 8(a)(2) is denied.  Fed. R. Civ. P. 8(a)(2).

#### B.     Title VII Claims

Defendants assert that Ms. Rucker's Title VII claims against Mr. Banks should be dismissed because the statute does not authorize claims against supervisors or other individuals.  Ms. Rucker states in her response to the motion to dismiss that her Title VII allegation against

Mr. Banks in his individual capacity should be dismissed because she did not intend to allege such a claim. This Court notes that, under Title VII, a public official may be sued in his official capacity. *Harvey v. Blake*, 913 F.2d 226, 227-28 (5th Cir. 1990); *In re Montgomery County*, 215 F.3d 367, 372-73 (3rd Cir. 2000).

Supervisors' actions that fall within the scope of their employment or within their official duties satisfy the definition of employer under Title VII. Therefore, supervisors may be named as defendants in their official capacity. *Harvey*, 913 F.2d at 227. A supervisor who is named separately in a Title VII complaint is viewed as being sued in his capacity as the agent of the employer. The supervisor is named, but the employer remains liable for the Title VII violation committed by its agent. *Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). In other words, while Mr. Banks may not be held personally liable for damages resulting from Title VII violations, this Court concludes he can be named as a party as the agent and representative of the employer.

Title VII claims against the state and its agencies are not barred by the Eleventh Amendment. Title VII validly abrogates a states' Eleventh Amendment immunity in accordance with § 5 of the Fourteenth Amendment. *Okruhlik v. University of Arkansas*, 255 F.3d 615 (8th Cir. 2011); *Maitland v. University of Minnesota*, 260 F.3d 959 (8th Cir. 2001).

For these reasons, defendants' motion to dismiss the Title VII claims is denied.

### C.   42 U.S.C. § 1981 Claims Against Mr. Banks

The Eighth Circuit has stated that a claim alleging a violation of § 1981 may not be brought directly against a state actor, but must be brought under § 1983. *Lockridge v. Board of Trs. of Univ. of Ark.*, 315 F.3d 1005, 1007 (8th Cir. 2003). In that case, the court liberally construed the plaintiff's complaint as including claims for violations of § 1981 brought under §

1983 because the complaint alleged both §§ 1981 and 1983 violations. *Id.* Likewise, this Court liberally construes Ms. Rucker's complaint as alleging race discrimination in violation of § 1981 under § 1983. Therefore, defendants' motion to dismiss Ms. Rucker's § 1981 claim as asserted under § 1983 is denied.  To the extent Ms. Rucker attempts to bring a stand-alone § 1981 claim without utilizing § 1983 or a claim under § 1981 for gender discrimination, defendants' motion to dismiss is granted.  *See Degraffenreid v. General Motors Assembly Div.*, 558 F.2d 480, 486 n.2 (8th Cir. 1977) (gathering cases regarding the scope of § 1981 protection).

### D.  42 U.S.C. §§ 1981 and 1983 Claims Against the ADC

The Eleventh Amendment bars any suit against a state in federal court unless the state has consented to suit or Congress has unambiguously abrogated the state's Eleventh Amendment immunity. *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54-56 (1996).  The ADC is a state agency that is "the sole creation of the state" and has "no separate identity" from the state and cannot be stripped of its official character.  *See Glick v. Henderson*, 855 F.2d 536, 540 (8th Cir. 1988). The ADC has not consented to suit nor did Congress abrogate the states' Eleventh Amendment immunity by enacting §§ 1981 and 1983.  *Singletary v. Mo. Dep't of Corrs.*, 423 F.3d 886, 890 (8th Cir. 2005); *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991).  For these reasons, Ms. Rucker's §§ 1981 and 1983 claims against the ADC must be dismissed because the Eleventh Amendment bars suit against the agency itself for any kind of relief.  *See Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

Moreover, only "persons" can be sued under § 1983.  A state or its agencies are not "persons" under § 1983. *Arkansas Tech University v. Link*, 341 Ark. 495 (2000).

Furthermore, the Eleventh Amendment "bars federal court jurisdiction over state law claims against unconsenting states" when the state is the "real, substantial party in interest,

regardless of the remedy sought." *Reynolds v. Arkansas Dept. of Correction*, 5:07CV00168 JLH, 2008 WL 2857531 (E.D. Ark. July 21, 2008) (quoting *Cooper v. St. Cloud State Univ.*, 226 F.3d 964, 968 (8th Cir. 2000) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)).   Therefore, defendants' motion to dismiss Ms. Rucker's §§ 1981 and 1983 claims against the ADC is granted.

### E.    42 U.S.C. § 1983 Claims Against Mr. Banks

#### 1.    Official Capacity

Ms. Rucker filed suit against Mr. Banks in his official capacity.  "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself." *Will*, 491 U.S. at 71 (citation omitted) (holding that "neither a State nor its officials acting in their official capacities are "persons" under § 1983"); *Treleven v. Univ. of Minn.*, 73 F.3d 816, 819 (8th Cir. 1996).  However, when such an official is sued for injunctive relief, he or she "would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the state.'" *Will*, 491 U.S. at 71 n.10, (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Ex parte Young*, 209 U.S. 123, 159-60 (1908)).  To assert a valid claim under § 1983 in an official-capacity suit, a plaintiff must show either that the official was acting pursuant to an unconstitutional policy or custom, or that he or she possessed final authority over the subject matter at issue and used that authority in an unconstitutional manner. *Nix v. Norman*, 879 F.2d 429, 433 (8th Cir. 1989).

Ms. Rucker alleges that Mr. Banks discriminated against her based on her race and gender in his treatment of her and ultimately in discharging her. To the extent that she seeks prospective injunctive relief, specifically reinstatement of her position, her §§ 1981 and 1983

claims against Mr. Banks in his official capacity should not be dismissed. Therefore, defendants' motion to dismiss Ms. Rucker's § 1983 claim for injunctive relief against Mr. Banks in his official capacity is denied, and defendants' motion to dismiss Ms. Rucker's § 1983 claims for damages against Mr. Banks in his official capacity is granted.

2.      **Individual Capacity**

Ms. Rucker also filed suit against Mr. Banks in his individual capacity. Ms. Rucker seeks an award of damages against Mr. Banks in his individual capacity for the alleged violation of the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment of the United States Constitution. The Court construes Ms. Rucker's amended complaint as seeking money damages pursuant to § 1983 against Mr. Banks solely in his individual capacity

Mr. Banks claims he is entitled to qualified immunity. "To prevail at this stage of the proceedings, defendants must show that they are entitled to qualified immunity on the face of the complaint." *Bradford v. Huckabee*, 394 F.3d 1012, 1015 (8th Cir. 2005). Qualified immunity shields public officials from liability for civil damages if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "[I]t has been clearly established for many years that the Equal Protection Clause prohibits a State, when acting as an employer, 'from invidiously discriminating between individuals or groups' based upon race." *Murphy*, 127 F.3d at 755, (quoting *Washington v. Davis*, 426 U.S. 229, 239 (1976)). An individual's "right to be free of invidious discrimination on the basis of sex is certainly clearly established, and no one who does not know about it can be called 'reasonable' in contemplation of law." *Goodwin v. Cir. Ct. of St. Louis County, Mo.*, 729 F.2d 541, 546 (8th Cir. 1984). Since discrimination based on race and gender are clearly established constitutional rights which a reasonable person would have

known, and because Ms. Rucker's complaint alleges that Mr. Banks's actions were discriminatory, Mr. Banks is not entitled to qualified immunity at this stage of the proceeding. Therefore, the Court finds that defendants' motion to dismiss Ms. Rucker's § 1983 claim against Mr. Banks based on qualified immunity must be denied at this stage of the proceeding.

     **V.    Conclusion**

     Defendants' motion to dismiss (Dkt. No. 12) (1) is denied as to defendants' assertion that the amended complaint does not state sufficient facts as required by Federal Rule of Civil Procedure 8(a)(2) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); (2) is denied as to defendants' motion to dismiss Ms. Rucker's claims under Title VII against Mr. Banks in his official capacity as a supervisor; (3) is granted as to Ms. Rucker's stand-alone § 1981 claim against Mr. Banks alleging race discrimination, is denied as to Ms. Rucker's § 1981 claim against Mr. Banks alleging race discrimination asserted through § 1983, and is granted as to any § 1981 claim alleging sex discrimination; (4) is granted as to Ms. Rucker's § 1981 and § 1983 claims against the ADC; and (5) is denied as to Ms. Rucker's § 1983 claims against Mr. Banks based on qualified immunity.  Defendants' motion to dismiss Ms. Rucker's Title VII claims for failure to exhaust her administrative remedies is denied as moot (Dkt. No. 18).  The remaining issues presented in the motion to dismiss are denied.

     A new trial date will be set and an Amended Final Scheduling Order will be issued by separate Order.

     SO ORDERED this 13th day of March, 2013.

KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE